HOLT and others *v.* FIELD and others.

(*Circuit Court, W. D. Missouri.* October, 1885.)

CONTRACT—SPECIFIC PERFORMANCE—EVIDENCE.

> On examination of the evidence in this case, *held*, that plaintiffs are entitled to the specific performance of the contract on the part of defendants by acceptance of the deeds and creamery erected under such contract by plaintiffs, and that plaintiffs are entitled to compensation for their labor and expense in erecting said creamery.

In Chancery.

*John W. Beebe*, for plaintiffs.

*Simrall & Sandusky* and *Karnes & Ess*, for defendants.

KREKEL, J. Plaintiffs, in their bill, state that they reside in Iowa, and are creamery builders; that in December, 1883, they entered into an agreement with defendants, who reside near Liberty, Missouri, under which they were to erect a creamery for them at that place, complete the same by the first of March, 1884, and receive $5,500 therefor. It is further averred that defendants, for the purpose of carrying on the creamery, were, within a reasonable time after entering into the contract, to organize into a stock company under the laws of Missouri, with a fixed capital of $6,500, to be divided into shares of $50, to be issued to each stockholder in the amount by him subscribed, and in addition thereto issue 20 shares of stock to plaintiffs, for the consideration whereof they were to superintend the manufacturing and marketing of the creamery butter for one year. The bill further alleges that plaintiffs proceeded with due diligence to comply with their contract, but that, through no fault of their own, they failed to complete the creamery by the first day of March, 1884, but did so within a reasonable time thereafter; that the plans and specifications of the buildings were, at the request of the defendants, changed in some particulars, but that such changes were in all instances to their advantage; that they tendered the deed for the ground upon which the creamery was erected, together with the buildings, to defendants, who refused to accept and pay for them; finally, alleging that they have performed their contract, and pray that defendants may be compelled to accept the deeds and creamery, pay for the same, organize and incorporate the company contemplated by the agreement, and issue to them the twenty shares of stock, and for general relief.

Defendants, answering the bill, admit the entering into the contract, but deny that plaintiffs have complied with it in furnishing suitable material, doing the work in a workmanlike manner, or doing it in time, or a reasonable time thereafter, as they were bound to do to entitle them to be paid; deny that they agreed to or wanted any changes in the plans and specifications. Regarding the organization of the stock company, and the issuance of the 20 shares of stock to plain-

tiffs, defendants say that it was left optional with them under the contract whether they would employ plaintiffs to superintend the business of the creamery for one year, and that said stock organization was contingent upon defendants' so employing them, which they did not do, and are not bound to so organize; closing with prayer to be dismissed.

In order to duly weigh the testimony in the case, it is necessary to bear in mind the object for which it was entered into. Among the buildings to be erected was an ice-house, which, to make it available for the creamery, had to be built in time to be filled. After the selection and purchase of the grounds, plaintiffs proceeded with the building of the ice-house, and finished it in time to enable defendants to put up ice, which they did. Whether the foundation of the ice-house was sufficient is a matter of dispute between the parties, and testimony regarding it is conflicting. An additional dispute regarding the ice-house is that the walls, after the packing of the ice in it, sprung outward from two to four inches, carrying the foundation to that extent with it. It is claimed by the defendants that this was caused by the failure to put in iron cross-rods, intended to hold the sills in place, and for which the contract provides. Plaintiffs claim that these iron cross-rods were dispensed with by agreement and consent of defendants' agent, and another contrivance applied, by which the sills were held in place. The cause assigned by plaintiffs for the spreading of the walls of the building is improperly packing the ice, thereby causing a pressure on the walls, forcing them out.

On all these matters in dispute there is a large amount of conflicting testimony. But for the fact that by changing the iron cross-rods and substituting other means to hold the sills in place the plaintiffs seem not to have gained an advantage, and the testimony tending to show that defendants consented thereto, I would be inclined to hold that this was a material departure from the contract. The parties seem to have acted in good faith, and as the injury resulting can be redressed in this action, I deem it a nearer approach to justice to make a deduction in the amount claimed than to visit them on plaintiffs by turning them out of court. I have been minute regarding the ice-house because all other defects complained of in the buildings and equipments are determined in favor of plaintiffs by the same rule.

Regarding the organization of a stock company, and the issue of 20 shares of its stock to plaintiff, I agree with the view taken of the contract by the defendants. The language of the contract is: "We will also procure and keep hired at the expense of the company competent butter-makers; and we will superintend the manufacture and marketing of the butter for one year, if desired by the stockholders." It is true that the contract binds the defendants to organize a stock company, yet as the plaintiffs can have no interest in it, unless it is the contingent interest of an increase of reputation as creamery build-

ers, the contract must be construed as an offer of which defendants might avail themselves or not. Having declined to employ defendants, they incur no liability on that account.

What strikes me as most singular in the case is that the whole enterprise of establishing and operating a creamery should have been abandoned without any reasonable cause being assigned. Assuming all the defects in the buildings and equipment of the creamery claimed by the defendants to have existed, they furnish no solution for the change. The creamery as constructed could have been taken possession of by defendants under protest, defects remedied, damages resulting from the completion of the building being too late, all could have been adjusted with or without suit. Why abandon the enterprise and attempt to throw the result of it upon the plaintiffs? Even after making due allowance for the persuading influence of patent creamery builders, I cannot account from the evidence for the giving up of the project. The defendants could have explained, and if failing to do so has influenced my conclusions, it is their misfortune, if not fault.

The decree will be that defendants accept the deeds and creamery, and pay plaintiffs the sum of $5,001, with interest from date of decree.